## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

ANNIE C. HOLMES,          *

                      *

     Plaintiff,       *

                      *

vs.                *   CIVIL ACTION No.03-00615-P-B

                      *

JO ANNE B. BARNHART,   *

Commissioner of Social   *

Security,           *

                      *

     Defendant.       *

## REPORT AND RECOMMENDATION

This action was referred to the undersigned Magistrate Judge for a recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure on Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act (Doc. 21).  Upon careful review of all pertinent pleadings, it is the recommendation of the undersigned that Plaintiff's Application be **GRANTED,** and Plaintiff awarded a reasonable attorney's fee in the amount of $2,237.50.

## I.  Findings Of Fact

1.  On September 10, 2003, Plaintiff commenced this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security that her disability ceased in March 2000 due to medical improvement. After providing the parties an opportunity to file briefs, and present oral argument to the Court, the undersigned issued a

report recommending that the portion of the Commissioner's decision denying benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with the report. (Doc. 17). On March 18, 2005, the District Court adopted the report and entered a Rule 58 judgment. (Docs. 19-20). In the Judgment, the District Court reversed and remanded this cause to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g), and held that Plaintiff is a prevailing party for purposes of the Equal Access To Justice Act (hereinafter "EAJA"), 28 U.S.C. § 2412. (<u>Id.</u>)

2.   On June 13, 2005, Plaintiff filed an application for attorney's fees under the EAJA. (Doc. 21). In the application, Plaintiff asserts that Defendant's position was not substantially justified, and requests an attorneys' fees award in the amount of $2,237.50 (<u>Id.</u>) The requested amount represents a total of 17.90 hours, at an hourly rate of $125.00 per hour for attorney time spent representing Plaintiff in this Court. (<u>Id.</u>)

3.   On June 29, 2005, Defendant filed its objection to Plaintiff's EAJA fee application and therein, argued that its position in this litigation was substantially justified because the Commissioner can lose on the merits of the disability question and win on the application for attorneys' fees. (Doc.

2

23).

## II. <u>Conclusions Of Law</u>

1.   The EAJA requires a district court to "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

2.   The burden of proving substantial justification is the Commissioner's, who must demonstrate the substantial justification of her position as a whole. <u>See</u>, <u>e.g.</u>, <u>United States v. Jones</u>, 125 F.3d 1418, 1420, 1427-1431 (11th Cir. 1997); <u>Mobley v. Apfel</u>, 104 F. Supp. 2d 1357, 1359 (M.D. Fla. 2000). Thus, the requirement that the government's position not be substantially justified will only impact eligibility for an award of fees when the Commissioner comes forth and satisfies this burden. <u>Mobley</u>, 104 F. Supp. 2d at 1359. "To be substantially justified, the Commissioner's position must have 'a reasonable basis in both law and fact.'" <u>Id</u>. (citations omitted). However, the mere fact that the cause was remanded to the Commissioner does not automatically establish the Commissioner's position was not substantially justified. <u>Reeves</u>

3

v. Bowen, 841 F.2d 383, 385 (11th Cir. 1988) (per curiam).

3.   In this case, the Commissioner does not dispute the issues of prevailing party status[1] or timeliness;[2] but instead argues that because the Court determined that the ALJ did not err in finding that Plaintiff had obtained medical improvement and possessed the residual functional capacity to perform light work, the Commissioner's position was substantially justified. The undersigned however disagrees with the Commissioner in this regard.   In the report and recommendation, which was adopted by the District Court, the undersigned determined that "while substantial evidence clearly reflects medical improvement in Plaintiff's condition, the undersigned cannot conclude, based on the record before the Court, that substantial evidence supports the ALJ's conclusion that Plaintiff can perform light work.   In fact, all three doctors who have treated or at least examined Plaintiff have reached contrary findings." (Doc. 17). Given that the ALJ's finding, with respect to Plaintiff's residual

---

[1] "[A] party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

[2] In the case sub judice, Plaintiff filed her application for attorneys' fees on June 13, 2005.   (Doc. 21).  The EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).  The thirty (30) day clock did not begin to run in this action until this Court's Order of Judgment dated March 18, 2005 (Docs. 19-20) became final, which would have occurred at the end of the sixty (60) days for appeal provided under Fed. R. App. P. 4(a)(1). See Shalala, 509 U.S. at 302.  Because Plaintiff's motion was filed on June 13, 2005 (Doc. 21), it is found to be timely filed.

functional capacity, was inconsistent with the opinions expressed by all three doctors who had either treated or examined Plaintiff, the undersigned finds that no reasonable person could think, based on the record before the ALJ and the Court, that a reasonable basis existed in law or fact for concluding that Plaintiff could perform light work.  For this reason, the undersigned recommends that the Court reject the Commissioner's argument that her position was substantially justified.  Additionally, the undersigned notes that the Commissioner has not identified any other special circumstances that would make an EAJA award unjust.

4.   Turning now to the reasonableness of the attorneys' fees sought, the EAJA, as recently amended,[3] provides, in pertinent part, as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorneys fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

---

[3]On March 29, 1996, the EAJA was amended so as to increase the statutory cap on EAJA fees from $75.00 per hour to $125.00 per hour.  See, e.g, Ikner v. Apfel, 2000 WL 1844704, *2 n.1 (S.D. Ala. Nov 9, 2000).  These amendments apply to civil actions commenced on or after the date of enactment; therefore, the statutory cap of $125.00 per hour applies in this present action.

5.   In <u>Meyer v. Sullivan</u>, 958 F.2d 1029 (11th Cir. 1992), the Court determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorneys fees under the Act:

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than [$125.00] per hour, is to determine whether the court should adjust the hourly fee upward from [$125.00] to take into account an increase in the cost of living, or a special factor.

<u>Id</u>. at 1033-34 (citations and footnote omitted).

6.   The prevailing market rate in the Southern District of Alabama has been previously determined to be $125.00 per hour. <u>Boggs v. Massanari</u>, C.A. 00-0408-P-C (S.D. Ala. (Jun. 13, 2001)); <u>Boone v. Apfel</u>, C.A. 99-0965-CB-L (S.D. Ala. (Aug. 30, 2001)).   Because the market rate is not greater than the statutory rate of $125.00 per hour, this Court need not reach the second step of the <u>Meyer</u> analysis.

7.   With regard to the reasonableness of the hours claimed by Plaintiff's attorney, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." <u>Norman v. Housing Auth. of City of Montgomery</u>, 836 F.2d 1292, 1303 (11th Cir. 1988).   "[T]he measure of reasonable hours is determined by the profession's

judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." Id. at 1306.

8. In the case sub judice, attached to Plaintiff's fee application is a time sheet detailing the description of work performed, the time expended and the date on which the work was performed. (Doc. 21-2). Although the Commissioner has not disputed the reasonableness of the fees requested, the undersigned has carefully reviewed the time sheet, and finds that 17.90 hours is reasonable given the work activity that is detailed and the usual number of hours billed by attorneys in similar actions. 9. In consideration of the foregoing, the undersigned recommends that Plaintiff be awarded attorneys' fees in the amount of $2,237.50 under the EAJA for the 17.90 hours her attorney spent representing her before this Court.

## III. Conclusion

Therefore, upon consideration of the pertinent pleadings, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's Application for Award of Attorney's Fees Under the Equal Access to Justice Act be **GRANTED**, and that the award be limited to the EAJA rate of $125.00 per hour, thereby resulting in an award of $2,237.50 for 17.90 attorney hours spent representing Plaintiff in connection with this action.

7

The attached sheet contains important information regarding objections to this **Report and Recommendation.**

DONE this **17th** day of **November, 2005.**

<u>    /s/ SONJA F. BIVINS    </u>
**UNITED STATES MAGISTRATE JUDGE**

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.

Fed.R.Civ.P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is
advised that a judicial determination that transcription is
necessary is required before the United States will pay the cost
of the transcript.

                              **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**